FRANCIS SINGLETON *vs.* L. M. GARRETT and T. JONES STEWART.

A final decree of the probate court, on final settlement of an administrator, when regularly made after due notice given, is conclusive against the administrator himself.

The decree of the probate court is its judgment founded on the evidence, which consists of the administrator's accounts; and in a subsequent suit the administrator's account, thus decreed on, cannot be re-opened by plea in the circuit court.  Nor can an administrator, after final settlement of his accounts, show by plea, in a suit against him, when he is sued for a distributive share, that he has improperly charged himself in his final account, or that a mistake has occurred in the course of his settlement.

When an administrator, by his own act, has precluded himself from the in quiry, whether he did or did not receive assets, and it appears by a judgment of the court he did, the administrator cannot gainsay what appears of record; for his remedy is to have the judgment reversed and corrected.

IN error from the circuit court of Wilkinson county; Hon. Stanhope Posey, judge.

The facts of the case are sufficiently given in the opinion of the court.

*H. F. Simrall,* for plaintiff in error,

Cited 1 Chit. Pl. 524–395;  *Gildart* v. *Starke,* 1 How. 450; *Green* v. *Creighton,* 10. S & M. 159;  *Stewart* v. *Davidson,* 10

Ib. 351; *Jones* v. *Coon*, 5 Ib. 751; *Harper* v. *Archer*, 9 Ib. 74; *Campbell* v. *Brown*, 6 How. 114; *Stubblefield* v. *McRaven*, 5 S. & M. 130; *Carmichael* v. *Browder*, 3 How. 252.

*L. Maury Garrett*, for defendants in error,

Cited Hutch. Code, 875, sec. 64; 1 Chit. Pl. 318; Steph. Pl. 302; *Fletcher* v. *Peck*, 2 Cond. (U. S.) R. 316; *Harrison* v. *Balfour*, 5 S. & M. 301; *Baker* v. *Washington*, 5 Stew. & Port. 142; *Campbell* v. *Brown*, 6 How. 106; *Goddard* v. *Long*, 5 S. & M. 782; 7 Dana, 10; 17 S. & R. 392; Hutch. Code, 677; 11 S. & R. 441; 8 Watts, 214; 5 Ib. 157; *Burnett* v. *Harwell et al.*, 3 Leigh, 89; *Jones* v. *Hobson*, 2 Rand. 483; 4 S. & M. 210.

Mr. Chief Justice SHARKEY delivered the opinion of the court.

This suit was brought by the plaintiff in error, on the administration bond of Garrett, Stewart being a surety, to recover the amount of a distributive share, which had been decreed to plaintiff on a final settlement of the administration accounts. The decree is entirely free from ambiguity. It recites that the final account of the administration on the estate of Hiram Singleton, was presented to the court by Garrett, the administrator, and it appearing that due notice had been given, and no objections being made, the same was examined, allowed, and ordered to be recorded. And it was further ordered, adjudged, and decreed, that as it appeared by said account and settlement, after allowing all expenses, the sum of $17,650 remained in the hands of the administrator to be distributed, and it also appeared that there were five distributees, naming them, it was therefore ordered, that said Garrett should pay to each one fifth of said sum, that is to say, $3530 to each, again naming them. And it was further ordered, that the administrator should also distribute to each one two shares of stock in the West Feliciana Railroad Company.

The chief ground of defence, and the point to be considered, is presented by a special plea of the defendants, which is to this effect; to wit, that while the estate was in the course of administration, on the petition of said Garrett, in which he

suggested that it would be for the interest of the distributees to sell the real estate, an order was obtained for that purpose, and he accordingly sold land to the amount of $22,003; and that said Garrett, as appears by his final account, and also by his previous annual accounts as administrator, charged himself with the amount the land sold for.

It appears by said final account, that the total amount of debts against the estate paid by him, was $51,502; and by said final settlement, it further appears that the proceeds of sale of all the personal property, and money that came to his hands as debts due the estate, exclusive of the $22,003, the price of the land, amounted to $42,439, and so he avers that the said sum of $17,650, the amount decreed to be distributed, in which is included the sum of $3530 decreed to plaintiff, is part and parcel of the proceeds of the real estate sold, and not the proceeds of the goods, chattels, and credits of the estate.

To this plea the plaintiff demurred, but the demurrer was overruled, and the plaintiff was required to reply. This issue therefore was, whether it did appear by the administration accounts that part of the unadministered surplus was the product of the sale of the real estate; and on this issue the defendant was of course permitted to introduce all his administration accounts. To this the plaintiff objected, but the objection was overruled, and the jury found for the defendants. The plaintiff moved for a new trial, but the motion was overruled.

We may pass by the technichal objections to the form of the plea, though they seem to be obvious, and inquire whether the subject-matter of the plea constitutes a bar to this action. Certainly, if any point is placed beyond cavil, it is that the final decree of the probate court, on the final settlement of an administration, when regularly made after due notice, is conclusive, at least on the administrator himself. The decree of the probate court is its judgment founded on the evidence, which consists of the administrator's accounts. This plea raises the question directly, whether the judgment was right on the evidence, or it in effect goes behind, and disregards the

17*

judgment by putting in issue a fact on which the judgment was founded. Assuming that the administrator was not liable for the price of the land, then of course it was not assets, and the decree was wrong. The plea opens the administration accounts, and brings up the inquiry, What amount of assets was received by him? If this can be done there is no use in a final decree, and the court had as well never make it. If the defendant may thus deny the amount of assets, and rely upon his account, the plaintiff surely may deny the truth of that account; and on the same principle every item in an administrator's account, from the beginning of his administration to the end, is open for investigation in the circuit court when he is sued for a distributive share. For if the administrator may thus show that he has improperly charged himself, he may do the same as to every item in his account, or that a mistake has occurred in the course of his settlement. The case of *Bailey* v. *Dilworth*, 10 S. & M. 404, is directly in point, and is conclusive on this question. We are referred to decided cases, to show that the administrator and his sureties are not liable on his bond for the amount of real estate sold under the authority of the probate court. The principle is undeniably true where the administrator is sued for a *devastavit*, and that was the case in *Reed* v. *Commonwealth*, 11 S. & R. 441, which is the leading case in Pennsylvania; and it was also the case in *Burnett* v. *Harwell*, 3 Leigh, 89. We have no case of that description before us. The administrator, by his own acts, has precluded himself from the inquiry, whether he did or not receive assets. By solemn judgment it appears that he did, and he cannot now gainsay it. His remedy was to have the judgment reversed and corrected. We do not decide whether the fund received for the land, under the peculiar circumstances of this case, was or was not assets. The case does not call for any such decision. It seems that part of the money so received, must have been used in the payment of debts. The balance was returned by the administrator in his accounts, and perhaps, under the peculiar circumstances of the case, it might be plausibly argued, that all the fund was assets, but we leave that question open.

As the plea presented no bar to the action, the judgment must be reversed and cause remanded.